**FILED**

**April 5, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:10 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | |
|---|---|
| **Linda Green,** | ) **Docket No.: 2016-04-0085** |
| **Employee,** | ) |
| **v.** | ) |
| **Rogers Group,** | ) **State File No.: 99072-2015** |
| **Employer,** | ) |
| **And** | ) |
| **Liberty Mutual Insurance Co.,** | ) **Judge Robert Durham** |
| **Carrier.** | ) |

---

## EXPEDITED HEARING ORDER GRANTING TEMPORARY DISABILITY BENEFITS AND DENYING MEDICAL BENEFITS
### (Decision on the Record)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by Ms. Green to determine if Rogers Group is obligated to pay for medical treatment Ms. Green received following her fall at work as well as temporary total disability benefits. Ms. Green requested the Court issue a ruling based on a review of the file without an evidentiary hearing, and Rogers Group did not object.

On March 16, 2017, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. Neither party objected to the Court considering any of the records listed in the Docketing Notice in rendering its decision. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment. The Court holds Ms. Green has provided sufficient evidence to establish she is likely to prevail at a compensation hearing with regard to temporary total disability benefits, but not regarding medical expenses incurred subsequent to her initial discharge from the hospital.

### History of Claim

On December 11, 2015, Ms. Green was working as a dispatcher for Rogers Group,

1

a rock and gravel provider, when she fell approximately eight feet from a catwalk while at a ticket printer box. Although it did not dispute the fall occurred, Rogers Group originally denied the claim on the basis that Ms. Green was intoxicated at the time of the fall.

Following an expedited hearing, the Court issued an order on February 21, 2017, holding Rogers Group was unlikely to prevail at a compensation hearing on its intoxication defense. The Court ordered Rogers Group to pay for Ms. Green's emergency room treatment from December 11 through her initial discharge on December 13, and further ordered Rogers Group to provide a panel of physicians from which Ms. Green could seek further medical care. However, the Court also held that Ms. Green did not provide sufficient evidence to establish the reasonableness and necessity of medical expenses incurred through her readmission to the hospital from December 13 through 17, or her request for temporary disability benefits while off work following her fall. (T.R. 3.) Ms. Green filed this REH in an attempt to obtain those benefits. (T.R. 1.)

At the prior hearing, Ms. Green and her husband, Larry Green, testified that immediately following her discharge from Skyline on the 13th, they received a phone call from Skyline urging her to return to the hospital as quickly as possible due to tests that revealed a serious oxygen deficiency. Ms. Green immediately returned by ambulance to Skyline complaining of "feeling terrible" and suffering from respiratory insufficiency. She was readmitted to the hospital, where she stayed until December 17. According to the discharge report recently provided by Ms. Green, Dr. David Bentley opined that Ms. Green had been discharged "prematurely" by the nursing staff at Skyline on December 13. (Ex. 3.)

According to the admission report from December 13, Ms. Green suffered "multiple right-sided rib fractures and transverse process fractures of her lumbar spine." Ms. Green underwent a chest CT that revealed a right hydropneumothorax that was not present on the study taken on December 11. Dr. Benjamin Tourkow also diagnosed Ms. Green with a pulmonary embolism in her right lung and a partial lung collapse. (Ex. 1 at 1, 2, 7, 24.) Skyline treated Ms. Green's embolism with blood thinners, Heparin and Coumadin, and kept her under close observation during her hospital stay. When discharged, Dr. Haile Mezghebe recommended Ms. Green avoid strenuous activity, with no lifting more than three to five pounds; use home oxygen, an LSO brace, and an incentive spirometer at home; and continue taking pain medication and Coumadin with regular check-ups of her Coumadin levels. (Ex. 3.)

As recommended by Dr. Mezghebe, Ms. Green sought additional treatment with her personal care physician, Richard Rutherford, at Carthage Family Practice (CFP), who monitored her Coumadin levels.[1] On January 18, 2016, Physician's Assistant Peter

---

[1] While Ms. Green primarily saw Physician's Assistant, Peter Alfano, at CFP, Dr. Rutherford reviewed and

Alfano recorded Ms. Green was there for "follow-up/recent evaluation of right rib fractures from a fall on 12/11/15. Resulted in secondary pneumothorax and pulmonary embolus." (Ex. 3.)

Ms. Green continued treatment with CFP, noting improvement on February 18, and stating she was "ready to return to work as a truck dispatcher." *Id.* at 16. Ms. Green provided a letter from Dr. Rutherford dated February 23, stating that Ms. Green was under his care beginning on December 21, 2015, and was released to return to work on February 22, 2016. He further stated that "her loss of work during this time was directly related to her work comp. injury." (Ex. 4.) Ms. Green continued to treat at CFP for pain in her low back and right ribs until April 24. She also offered a note from Acute Surgical Care Specialists stating she was under doctor's care from December 13 through December 29, 2015.

According to Ms. Green's wage statement, her average weekly wage with Rogers Group was $943.69, resulting in a compensation rate of $629.26.

**Findings of Fact and Conclusions of Law**

As in all workers' compensation actions, Ms. Green, as the claimant, has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, she only has the burden to come forward with sufficient evidence from which the trial court can determine she is likely to prevail at a hearing on the merits in order to meet her burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In its defense of Ms. Green's claim for benefits, Rogers Group first argues that the Court has already rendered a decision with regard to these benefits. In its previous order, the Court ordered Rogers Group to provide a panel of physicians from which Ms. Green can choose an authorized physician and deferred any decision regarding temporary benefits and further reimbursement of past medical expenses until the authorized physician addressed these issues. Thus, Rogers Group argues, since Ms. Green has yet to choose an authorized physician, any decision regarding issues of temporary disability benefits and past medical expenses would be premature.

The Court's February 21 Expedited Hearing Order was an interlocutory order. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016). "Interlocutory" is defined as "provisional, temporary, not final, i.e., something intervening between the commencement and the end of the suit which decided some point or matter, but is not the final decision of the whole controversy." *Gentry v. Gentry,* 2016 Tenn. App. LEXIS 948, at 8 (Tenn. Ct. App. Dec.

---

approved the records as noted by his electronic signature.

9, 2016). Given that the Expedited Hearing Order is not the "final decision," both parties have the opportunity to present new evidence on issues that were decided by the Court based on the evidence that was before it at the time. *Id.*

As to the Court's "deferral" of these issues until an authorized physician addressed them, such language was merely a means to indicate that the issues could be reintroduced once either party obtained additional evidence. To exclude either party from entering otherwise admissible evidence for the Court to consider on issues regarding medical benefits and temporary disability would be contrary to the intent of the Expedited Hearing process. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016). Therefore, the Court must consider whether Ms. Green provided sufficient additional evidence to warrant a holding that she is likely to prevail in establishing her entitlement to the medical expenses and temporary disability benefits in question.

With regard to medical expenses, whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.,* 713 S.W.2d 654, 656 (Tenn. 1986). An injured employee "has the burden of establishing the necessity and reasonableness of charges incurred under physicians not designated or otherwise approved by the employer." *Russell v. Genesco, Inc.,* 651 S.W.2d 206, 211 (Tenn. 1983). Ms. Green's supplemental evidence establishes that her discharge from Skyline was "premature" and she was urged to return to the emergency room by Carthage Family Practice. While this evidence is sufficient to establish her need for continued medical treatment, it does not establish a causal link between her work accident and the need for treatment. Furthermore, no physician has addressed the reasonableness and necessity of a four-day stay in the hospital following her initial discharge or the subsequent treatment provided by Carthage Family Practice. Ms. Green must present expert medical opinion addressing these issues before the Court can determine she would be likely to prevail at a compensation hearing, and she has yet to do so.

In order to receive temporary total disability benefits, Ms. Green must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). It goes without saying that Ms. Green was totally disabled while in the hospital on December 12 and 13, which the Court previously found was due to her work-related injury. Furthermore, Ms. Green provided a note from Dr. Richard Rutherford, her family practitioner, stating she was unable to work from December 21, 2015, through February 22, 2016, and her inability to work was "directly related" to her work injury.

Therefore, based on the evidence before the Court at this time, the Court finds Ms. Green is likely to prove she is entitled to temporary total disability benefits for December

4

12 and 13, 2015, as well as from December 21, 2015, through February 22, 2016. Based on her compensation rate of $629.26, this totals $5,843.13 in temporary total disability benefits, which Rogers Group is obligated to pay Ms. Green.

IT IS, THEREFORE, ORDERED:

1. Rogers Group shall pay temporary total disability benefits in the amount of $5,843.13.

2. Rogers Group is not required to pay any medical expenses incurred subsequent to Ms. Green's initial discharge from Skyline Hospital on December 13, 2015, at this time.

3. This matter is set for a Scheduling Hearing on April 10, 2017, at 1:30 p.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your further participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 5th DAY OF APRIL, 2017.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Exhibits:

1.  All exhibits entered from the Expedited Hearing Order issued from an On-the-Record determination on November 3, 2016, as well as all exhibits and testimony from the Expedited Hearing on February 10, 2017
2.  Affidavit of Ms. Green
3.  Additional medical records from Skyline Medical Center
4.  Letter from Dr. Richard Rutherford

Technical Record:

1.  Request for Expedited Hearing
2.  Employer's Response to REH
3.  Expedited Hearing Order entered on February 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Linda Green | X | | X | P.O. Box 32, Riddleton, TN 37151 cookiejoeg@gmail.com |
| Heather Douglas | | | X | hdouglas@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6